Geobge M. Fanelli, J.
This is an article 78 proceeding brought by a member of the Planning Board of the Village of Croton-on-Hudson to review the determination of the Board of Trustees of that village relieving him as chairman of the Village Planning Board and designating another chairman in his place. Respondents have interposed an answer and now cross-move to dismiss the petition for legal insufficiency.
In substance, the petition alleges that on July 20, 1955 the then Board of Trustees of the Village of Croton-on-Hudson, pursuant to sections 179-f and 179-g of the Village Law, appointed petitioner a member of the Village Planning Board for a term of five years commencing July 25, 1955 and also designated him to act as chairman of said board for a similar term of five years; that after having entered upon Ms duties petitioner, on April 3, 1957 was notified by the village cleric that the Village Board of Trustees at their annual meeting held on April 1, 1957 had designated another as chairman of the Planning Board, and, in effect, removed petitioner from office. It is petitioner’s contention that Ms tenure of office, both as a member and chairman, is provided by law to be a five-year term and consequently Ms removal as chairman prior to the expiration of said period is illegal and that he should be reinstated in office as chairman of the Planning Board until July 25, 1960.
In addition to denying the material allegations of the petition, respondents set forth three separate defenses. The first defense is that the Village Law makes no provision for the term of a chairman of the Planning Board; that subdivision 3 of section 43 of the Village Law now provides that the term of office of a village officer (with certain exceptions not pertinent here), for whom no other term is provided in the Village Law, shall be one year, and that the purported designation of petitioner on July 20, 1955 as chairman for a five-year term was invalid, illegal and without force and effect.
The second defense refers to section 6 of article XIII of the New York State Constitution which provides that “ When the duration of any office is not provided by this constitution it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment ”, and alleges that since neither the Constitution, section 179-g of the Village Law, nor any other provision . of law, declares or provides for the term of the chairman of the Planning Board, therefore such office may be held “ during the pleasure of the Village Board of Trustees.”
Thirdly, respondents allege that section 179-g of the Village Law confers upon the Board of Trustees power only to “ desig *658 nate ’ ’ a member of the Planning Board ‘ ‘ to act ’ ’ as chairman and that such power creates neither an office nor a term, so that such designation is at the will of the Board of Trustees.
In the resolution of this question, the court is called upon to decide whether the Village Board of Trustees in 1955 by the purported designation of petitioner as chairman of the Village Planning Board for a period of five years, could lawfully preclude subsequent Boards of Trustees from designating a chairman of their own choice.
Petitioner’s contention that his tenure as chairman was declared by legislative action of the Board of Trustees to a five-year period and that he cannot be removed in the absence of cause and after a public hearing, is without merit. While petitioner’s tenure as a member of the Planning Board is fixed at five years (Village Law, § 179-f), nevertheless, it is quite obvious that no such similar tenure is created in the following section 179-g. This latter section deals primarily with the organization of the Planning Board and in connection therewith, prescribes that one member thereof shall be designated to act as a chairman. The usage of the word “ designate ” and the word ‘1 act ’ ’ clearly indicates that it dealt only with the naming by the Board of Trustees of one member who is to act as chairman, and no term of office is to be implied therefrom. It would seem that if the Legislature intended to fix a tenure for such chairman, it would have said so specifically and unequivocally. (CL Alcoholic Beverage Control Law, § 11; Public Service Law, § 4).
The court’s duty is to construe statutes, not make them. Therefore, the court is of the view that in the absence of any express declaration as to the duration of such chairmanship, the extent and duration of such position must perforce be governed either by the provisions of section 6 of article XIII of the Constitution of the State of New York, or section 43 of the Village Law in effect on July 20, 1955.
On the date of petitioner’s appointment as chairman on said latter date, section 43 of the Village Law, after referring specifically to certain officials not including the chairman of the Village Planning Board, provided that “ any other village officer for whom no other term is herein provided shall be one official year ” (emphasis supplied). Said section was thereafter repealed by chapter 521 of the Laws of 1956, effective April 10, 1956 and a new section 43 was enacted which now includes therein subdivision 3, the language of which said subdivision, insofar as same is here pertinent, is substantially the same as the former language of section 43, except that the *659 words “one official year” have been substituted by “ one year ”.
Accordingly, it would seem that said section 43 of the Village Law, in effect in 1955, would override the afore-mentioned provisions of section 6 of article XIII of the Constitution since in said former statute there was found a statutory declaration for the duration of the tenure of the chairman of the Planning Board.
In the light of the afore-mentioned, it is the court’s opinion and it so finds that petitioner’s designation on July 20, 1955 to act as chairman of the Planning Board was governed by the provisions of section 43 of the Village Law then effective and that his tenure of office as such chairman was for “ one official year ” rather than during the pleasure of the Village Board of Trustees, and certainly not for five years. The court’s view in this respect is buttressed by the provisions of article 12-A of the General Municipal Law. This article provides for the creation of a Planning Commission in an incorporated village, and such a commission is specifically referred to in said section 179-g of the Village Law as an additional or perhaps alternative body to a planning board in any village in which a planning commission is already in existence. In this connection it is noteworthy that section 235 of article 12-A of the General Municipal Law specifically provides that “ The commission shall elect annually, a chairman from its own members ” (emphasis supplied).
The determination of the respondents is not illegal, arbitrary or unreasonable and same is confirmed, the application is denied and the petition is dismissed, but without costs.
Settle order on notice.