Dennis E. Downes Esq. Village Attorney, North Haven
You ask whether individuals appointed to a five-member board of zoning appeals for terms of five years under Village Law, § 7-712(1) and designated to act as chairman and deputy chairman of the board, serve as chairman and deputy chairman for three years or for their entire five-year term.
Village Law, § 7-712(1) provides that a village board of trustees:
 "* * * shall by resolution establish a board of appeals consisting of three or five members, one of whom shall be appointed chairman and another, deputy chairman who shall act in the absence or inability of the chairman for a period of three years. The first appointments of members thereto shall be for terms so fixed that at least one will expire at the end of each official year commencing at the end of the current such year and continuing in succeeding year until the entire original appointments run out. At the expiration of each original appointment the succeeding members shall be appointed for three-year terms in the case of a three member board, and five-year terms in the case of a five member board."
The precise question raised by the language of section 7-712(1) is whether the three-year term for chairman and deputy chairman applies only to the original chairman and deputy chairman appointed by the board, or to both such original appointees as well as succeeding chairmen and deputy chairmen appointed to five-member boards for terms of five years. The legislative history of section 7-712(1) is silent on this point. Former Village Law, § 179-b, the predecessor to present section 7-712, contained no provision for the appointment of a chairman or deputy chairman, but provided for the appointment of a board consisting of three or five members, "each to be appointed for three years". Present section 7-712(1), enacted by chapter 892 of the Laws of 1972, repealed section 179-b and added the provisions pertaining to the appointment of a chairman to a term of three years, original members of the board to staggered terms and succeeding members to terms of three or five years, as the case may be. Section 7-712(1) was later amended in 1974 to provide for the appointment of a deputy chairman to a term of three years (L 1974, ch 543).*
We think that the Legislature, in enacting the 1972 and 1974 amendments, intended in the case of five-member boards to establish a tenure of three years for the positions of chairman and deputy chairman applicable to original appointees to those positions as well as succeeding appointees serving five-year terms as members of the board. In reaching this conclusion, we note initially that section 7-712(1) makes no express provision for the appointment of a chairman or deputy chairman to any term other than a term of three years. Nor does the statute state that succeeding members appointed for five-year terms, who act as chairman or deputy chairman, serve in the latter capacity for their entire term. What we believe section 7-712(1) does in the case of five-member boards is establish separate terms for membership (varied, in the case of original members and five years, in the case of succeeding members of five-member boards) and chairmanship (three years) for those board members serving in this dual capacity.
This distinction between chairmanship of the board and membership on the board has been noted in case law. (See, Matter of Olesen v Dorner,8 Misc.2d 656 [Sup Ct Westchester Co, 1957].) In Olesen it was held that a statutory provision fixing the tenure of membership on a village planning board at five years did not, in the absence of an express provision to the contrary, establish the tenure of chairmanship of the board at five years. Here, we think the Legislature has specifically provided for a three-year term for chairman and deputy chairman independent of the five-year term of membership on five-member boards. If the Legislature intended that the term of chairman and deputy chairman be five years, it could have stated so expressly. It is a general rule of statutory construction that the failure of the Legislature to include a matter within the scope of an act indicates that its exclusion was intended (McKinney's Statutes, § 74 [McKinney's, 1971]). If the failure to include such a provision was in fact inadvertent, then that omission cannot be supplied by construction, but must be remedied by the Legislature (id., § 363).*
We conclude that the chairman and deputy chairman of a five-member village zoning board of appeals, appointed to terms of five years, serve as chairman and deputy chairman for three years, not for their entire five-year term.
* We note that, as a result of the 1974 amendment, section 7-712(1) cannot be applied logically to a three-member board. Two-thirds of the members of such board (the chairman and deputy chairman) serve for three years. It is therefore impossible in this instance to comply with the requirement of section 7-712(1) that the terms of original appointees be fixed on a staggered basis. Moreover, at the expiration of a three-year term, the only person who could serve as chairman would be the appointee to the expired term. To that extent the statute is defective and in need of remedial amendment. It can, however, be applied to five-member boards.
* We do not pass on the question of whether a village, in the exercise of its home-rule powers, may supersede section 7-712 by adopting a local law authorizing chairmen and deputy chairmen to serve in those capacities for their entire five-year term.