OPINION OF THE COURT
William L. Underwood, Jr., J.
The confusing circumstances surrounding this case present the novel issue concerning the duration of petitioner’s term of office as Chairman of the Zoning Board of Appeals.
Petitioner brings this CPLR article 78 proceeding to annul and set aside respondents’ determination to remove him from his position as Chairman of the North Haven Zoning Board of Appeals and to reinstate him to the chairmanship. Respondents move to dismiss the petition upon the ground that it fails to state a cause of action (CPLR 3211, subd [a], par 7) and that it was untimely “filed” (CPLR 3211, subd [a], par 5; see, also, CPLR 7804, subd [f]). Respondents’ defense is that the court should look to the law and not to their actions. Specifically, respondents contend that, although they may have appointed petitioner to act as Chairman for a term to expire in July, 1985, the law states that petitioner’s term expired in July, 1983.
*232 The somewhat confusing facts stem from respondents’ actions and are summarized as follows.
At the annual organizational meeting of respondents on July 7, 1980, Robert Brauninger was appointed to a five-year term as a member of the Zoning Board of Appeals and he was “appointed chairman * * * of said Board”. A letter dated July 9, 1980, from the village clerk to Brauninger, stated that he was “appointed Chairman * * * for a term of five years” (the first mistake). Then, on November 20, 1981, Brauninger “step(ped) down as chairman” and resigned from the Board.
At the meeting of respondents on January 4, 1982, petitioner was appointed “to fill the unexpired term of Mr. Brauninger of the Zoning Board of Appeals and to act as Chairman * * * the term is to run, is to expire June 30, 1985” (the second mistake). Then, at the special meeting of respondents on July 12, 1982, petitioner was again “appointed” as an incumbent member of the Board with a term to expire in July, 1985, and his chairmanship was to expire not in July, 1985, but, rather, in July, 1983.
On August 2,1982, respondents, at their meeting, reiterated that petitioner’s term as a member expired in July, 1985, and that his chairmanship expired in July, 1983. They also appointed Richard H. Pohl as Deputy Chairman until July, 1985. At the meeting of respondents on November 1, 1982, they attempted to “clarify” the term of the appointment of petitioner as Chairman (there was no question that he was appointed as a member until July, 1985). They agreed that his term of chairmanship either expired in January, 1985, or July, 1985 (the third mistake). The Mayor’s affidavit in support of respondents’ motion to dismiss, candidly states “your deponent readily acknowledged an interest in avoiding a lawsuit and the consequent expense to the Village, and as a result caused the discussion that occurred at the business meeting or work session of the Trustees on November 1, 1982, all of which ended inconclusively except to cause the matter to be referred in early November 1982 to * * * the attorney for the Village of North Haven, for his legal research and best efforts at resolution”.
*233 Additionally, the village asked its attorney to inquire of the Attorney-General of the State of New York for his opinion in this matter. He issued an informal opinion (1983 Atty Gen [Inf Opns] 14) dated March 9, 1983, which concluded that “[w]e think that the Legislature * * * intended in the case of five-member boards to establish a [service] of three years for the positions of chairman and deputy chairman applicable to original appointees to those positions as well as succeeding appointees serving five-year terms as members of the board.”
Finally, at respondents’ meeting of July 5,1983, Richard H. Pohl was appointed to act as Chairman until July, 1986.
The thrust of petitioner’s argument is that respondents at their November 1, 1982 meeting agreed that he would serve as Chairman until July, 1985, and that the member he replaced (Brauninger) was also appointed to act as Chairman until July, 1985. In other words, petitioner contends that if his predecessor was appointed to act as Chairman until July, 1985, he, too, was appointed to act as Chairman until July, 1985.
Respondents counter that although they may have erroneously appointed Brauninger to act as Chairman until July, 1985, the law provides that the term of Chairman is only three years and Brauninger’s term as Chairman expired on June 30, 1983, rather than July, 1985. Respondents continue that they could appoint petitioner as a member of the Board to fill the unexpired term of Brauninger until July, 1985, but they could only appoint petitioner by law to act as Chairman until June 30, 1983.
Subdivision 1 of section 7-712 of the Village Law styled “Board of appeals” states, in relevant part, that a “board of trustees shall by resolution establish a board of appeals consisting of * * * five members, one of whom shall be appointed chairman * * * for a period of three years.” The section also provides that a member of a “five member board” (as in this case) shall be appointed for a five-year term. Section 3-312 (subd 3, par a) of the Village Law provides that
“[vacancies in offices caused other than by expiration of the terms thereof shall be filled by the mayor
*234 “[i]n appointive offices for the balance of unexpired terms” (emphasis added; see, also, 39 NY Jur, Municipal Corporations, § 327; 3 McQuillin, Municipal Corporations [3d ed], § 12.109).
In Matter of Olesen v Dorner (8 Misc 2d 656) the court held, under the predecessor of section 7-712 of the Village Law (Village Law, former § 179-g), that although the tenure of a member of the Village Planning Board is fixed at five years, the tenure of the Chairman in the absence of an express provision to the contrary, is not also fixed at five years (see, also, Leto v Board of Trustees, 210 NYS2d 137; NY Const, art XIII, § 2).
The court has carefully reviewed the circumstances surrounding the appointment of petitioner as Chairman and holds that, contrary to what respondents may have stated, he could only be appointed to act as Chairman until July, 1983; although he could be appointed as a member of the Zoning Board of Appeals until June 30, 1985, to fill the vacancy created by the resignation of Brauninger (Matter of Olesen v Dorner, 8 Misc 2d 656, supra; Village Law, § 7-712, subd 1; § 3-312, subd 3, par a; 1983 Atty Gen [Inf Opns] 14; 39 NY Jur, Municipal Corporations, § 327).
The court is aware of section 10 of the Municipal Home Rule Law; however, the actions of respondents cannot be construed as adopting a local law contrary to the Village Law.
Respondents also seek to dismiss the petition on the ground that it was untimely commenced (CPLR 217). In view of the above holding the court need not decide this issue. However, respondents after the confusion concerning petitioner’s tenure to act as Chairman, clearly appointed Richard H. Pohl to act as Chairman at their meeting of July 5, 1983. This proceeding was commenced on or about August 22, 1983, which is within the four-month period provided by CPLR 217.
The petition is dismissed.